IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen C. Gray, | ) C/A No. 0:10-3175-RMG-PJG |
|                Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | ) |
|                Defendant. | ) |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Karen C. Gray ("Gray"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB").[1] Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## ADMINISTRATIVE PROCEEDINGS

In July 2004, Gray applied for DIB, alleging disability beginning May 31, 2001. Gray's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on February 22, 2006, at which Gray, who was represented by Beatrice Whitten, Esquire, appeared and testified. During the hearing, Gray requested that her alleged onset date be amended to February 1, 2003. After hearing testimony from

---

[1] Although Gray's Complaint and brief state that she filed and was denied her claim for both Supplemental Security Income disability benefits and DIB, the record indicates that Gray solely sought DIB benefits.

Page 1 of  15



two of Gray's friends and a vocational expert, the ALJ issued a decision on February 6, 2007 denying benefits and concluding that Gray was not disabled. (Tr. 13-21.)

Gray filed a request for Appeals Council review, which was denied on November 3, 2008. Gray sought federal judicial review of the Commissioner's decision. On December 7, 2009, the Honorable Patrick Michael Duffy, United States District Judge, remanded the case to the Commissioner for further administrative proceedings. Specifically, Judge Duffy remanded the case for the ALJ to consider the combined effects of Gray's impairments. Gray v. Astrue, C/A No. 0:08-3910-PMD (D.S.C. Dec. 7, 2009) (incorporating Nov. 17, 2009 Report and Recommendation). The Appeals Council remanded the case to the ALJ. The ALJ held a hearing on October 5, 2010 at which Gray appeared and was represented by Beatrice Whitten, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated October 28, 2010, again finding that Gray was not disabled. (Tr. 444-54.)

Gray was forty-four years old on her alleged disability onset date. (Tr. 452.) She completed two years of college and has special training as a medical insurance specialist and in ship fitting. (Tr. 79.) Gray has past work experience as an occupational therapist assistant, and cashier. (Tr. 72-73.) Gray alleges disability since February 1, 2003, due to alcoholism, addiction, depression, and bipolar disorder. (Tr. 71.)

The ALJ found as follows:

1. The claimant last met the insured status requirements of the Social Security Act through June 30, 2007.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 1, 2003 through her date last insured of June 30, 2007 (20 CFR 404.1571 *et seq.*).



3. Through the date last insured, the claimant had the following severe impairments: chronic cervical and lumbar pain and a bipolar disorder (20 CFR 404.1520(c)).

\* \* \*

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to: sit stand, and walk each for 6 hours of an 8-hour day; frequently lift/carry 10 pounds; occasionally lift 20 pounds; and never climb, crawl or be exposed to hazards. She would require a sit/stand option at will. She would be further limited to low-stress work, defined as not more than occasional decision-making or changes in the work setting, with no exposure to the general public and only occasional interaction with co-workers and supervisors.

\* \* \*

6. Through the date last insured, the claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born on [REDACTED], 1958 and was 48 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

PJG

> 11.  The claimant was not under a disability, as defined in the Social Security Act, from February 1, 2003, the alleged onset date, through June 30, 2007, the date last insured (20 CFR 404.1520(g)).

(Tr. 446-54.)  This action followed.

## THRESHOLD ISSUES OF JURISDICTION AND JUSTICIABILITY

The court observes that when a case is remanded to the Commissioner for further consideration, the decision of the ALJ will become the final decision of the Commissioner "unless the Appeals Council assumes jurisdiction of the case." 20 C.F.R. § 404.984(a).  After the ALJ issues a decision, the claimant has thirty days to file exceptions with the Appeals Council; further, even when exceptions are not filed, the Appeals Council may assume jurisdiction of the case any time within sixty days after the date of the ALJ's decision.  20 C.F.R. § 404.984(b), (c).

It appears that Gray filed this action prior to the expiration of the time that the Appeals Council may assume jurisdiction of the case, and therefore prior to the existence of a "final decision."  See 20 C.F.R. § 404.984(d) ("If no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.").  However, the absence of a final decision by the Commissioner at the time Gray filed the instant Complaint would not appear to preclude judicial review at this point.  See Mathews v. Eldridge, 424 U.S. 319, 328 (1976) (discussing exhaustion of administrative remedies as a "waivable element" of § 405(g)'s requirement



of a final decision before judicial review and finding that the failure to pursue all available steps of review by the Secretary of the Social Security Administration did not divest the court of jurisdiction). The Commissioner has not raised the issue of Gray's premature filing and, moreover, since the filing of this action, Gray's claims have become ripe for review. Thus, having concluded that despite Gray's premature commencement of this action the court has jurisdiction and that the Commissioner's decision is now final and the issues ripe for judicial review, the court proceeds to address the merits of the plaintiff's claims.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)  whether the claimant is engaged in substantial gainful activity;

(2)  whether the claimant has a "severe" impairment;

(3)  whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)  whether the claimant can perform her past relevant work; and

(5)  whether the claimant's impairments prevent her from doing any other kind of work.

See 20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence,

make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Gray raises the following issues for judicial review:

1. The ALJ failed to evaluate the combined effect of Ms. Gary's multiple impairments;

2. The ALJ performed a flawed credibility analysis.

(Pl.'s Br., ECF No. 17.)

## DISCUSSION[2]

**A.    Combined Effects**

As stated above, the district court previously remanded this matter to the Commissioner for proper consideration of the combined effects of Gray's impairments. Gray argues that the ALJ erred on remand in failing to consider whether her impairments "met any analogous listing" or in considering whether her "impairments, *working in tandem*, had more of an effect on the claimant's residual functional capacity than did her individual symptoms." (Pl.'s Br. at 21, ECF No. 17 at 21) (emphasis in original). As part of her argument, Gray appears to rely on Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989), which the court previously discussed in recommending remand of this matter. In Walker, the United States Court of Appeals for the Fourth Circuit explained that "Congress explicitly requires that the combined effect of all the individual's impairments be considered,

---

[2] Each party's brief includes a lengthy summary of the medical evidence and hearing testimony in support of their respective positions. (Compare Pl.'s Br. at 2-21, ECF No. 17 at 2-21 with Def.'s Br. at 3-15, ECF No. 19 at 3-15.)



without regard to whether any such impairment if considered separately would be sufficiently severe." Id. at 49 (internal quotation marks omitted). Moreover, when a claimant suffers from multiple impairments, the ALJ must consider their combined effect and not "fragmentize" them. Id. at 50. Further, in Walker the ALJ found that "although claimant suffered from numerous ailments, he did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4." Id. at 49. The Fourth Circuit observed that the ALJ discussed each of the claimant's impairments but failed to analyze or explain the cumulative effect of the impairments on the claimant's ability to work. Id. The court held that "the ALJ must adequately *explain* his or her evaluation of the combined effects of the impairments" and remanded the case for proper consideration. Id. at 50 (emphasis added); see also 42 U.S.C. § 423(d)(2)(B) (stating that "the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity").

The court previously recommended remanding this matter because the ALJ summarily stated that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. 16.) He then separately analyzed Gray's impairments and determined that Gray did not satisfy the requirements of the Listings applicable to those impairments. However, like the ALJ in Walker, other than the conclusory statement, the ALJ did not explain in his initial order the effect of Gray's combined impairments. On remand, the ALJ further discussed Gray's impairments in combination. Specifically, he stated the following:

> The undersigned notes that the claimant's combination of impairments, especially her neck/back pain and depression, did not result in the equivalent of listings 1.04 or 12.04 through her date last insured, as the claimant was able to ambulate



>  independently to carry out activities of daily living including driving a car. While the combination of the claimant's bipolar disorder and back/neck pain does impose some limitations, including interrupted sleep with resulting fatigue, I can find no limitations in the claimant's ability to understand, remember, and carry out simple instructions; make judgments that are commensurate with the functions of unskilled work—i.e., make simple work-related decisions, respond appropriately to supervision, co-workers and usual work situations; and deal with changes in a routine work setting. In this case, the claimant has demonstrated her ability to perform all of the mental activities generally required by competitive, remunerative, unskilled work. For example, the claimant has the ability to understand, remember, and carry out simple instructions and make simple work-related decisions, as demonstrated by her ability to spell "world" forwards and backwards, recall information, name several presidents, use a computer, drive an automobile, sew and shop. In addition, her treatment records simply do not demonstrate that her ability to get along with co-workers and supervisors has been significantly altered by her impairments, as evidenced by treatment notes documenting that the claimant was pleasant, friendly and cooperative on exam. Finally, the claimant's treatment records also fail to document that her ability to deal with change in a routine setting has been compromised by her impairments.

(Tr. 448) (citations omitted).

Contrary to Gray's argument that the ALJ's discussion amounted to "mere lip service" of this court's remand order, the court finds that this discussion sufficiently complies with the requirements of Walker. Moreover, as conceded by Gray, in performing the residual functional capacity assessment, the ALJ restricted Gray's exposure to hazards as a result of her fatigue due to interrupted sleep. (Tr. 452.) Gray has failed to show that the effects of her impairments in combination warranted additional limitations or should have resulted in determining that the combined effects of Gray's impairments met or were medically equivalent[3] to any Listing. Moreover, Gray's argument that the ALJ should have provided more explanation and her belief that additional explanation may

---

[3] Gray cites no authority for her argument that the ALJ should have considered whether her impairments are "analogous" to *any* Listing. To the extent that she suggest that the ALJ's decision should be reversed for failure to consider and discuss every Listing in the regulations, Gray has failed to carry her burden to show that such consideration and discussion would have changed the result; she has identified no Listing closely related to her symptoms that the ALJ failed to identify.



have resulted in a finding of disability is conjectural at best and fails to demonstrate how the ALJ's decision is not supported by substantial evidence or is controlled by an error of law.

**B.     Gray's Credibility**

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). It appears that in this matter only the second step is at issue,[4] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause

---

[4] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).



the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

    (I)    Your daily activities;
    (ii)    The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii)    Precipitating and aggravating factors;
    (iv)    The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
    (v)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
    (vi)    Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
    (vii)    Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

Gray argues that the ALJ erred in assessing her credibility by discounting her complaints of persistent pain. Gray specifically takes issue with the ALJ's statement that "[i]n spite of [Gray's] allegations of disabling pain, she has not sought additional treatment for pain including surgery, chronic narcotic medications or treatment from a pain clinic." (Tr. 450.) Gray argues that the record shows that Gray's physicians informed her that she was not a candidate for surgery and that Gray was unable to be treated with chronic narcotic medications due to her past history with substance abuse.

Gray further argues that the ALJ erred in discounting her credibility based on her non-compliance in taking prescribed medications. Gray argues that the record shows that she was unable to afford proper treatment and that certain pharmacological interventions were impossible due to Gray's mental impairment.



In this case the ALJ found that Gray's "statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 449.) In reaching this conclusion, the ALJ expressly considered several factors in discounting the credibility of Gray's subjective complaints, including not only Gray's testimony but also the medical and nonmedical evidence. For example, the ALJ observed that Gray's activities of daily living, which included such activities as household chores, sewing, shopping, exercising, and driving, "were not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." (Tr. 451.) The ALJ also noted in his opinion where Gray had reported exacerbating her back injury after performing "excessive yard work" in May 2005 and that at a November 2006 appointment Gray was noted to be carrying an infant in a carrier. (Tr. 450-51.) The ALJ also found that the medical records did not substantiate Gray's claims as to the debilitating nature of her bipolar disorder and noted that Gray had not required any inpatient hospitalization for her bipolar disorder during the relevant time period. (Tr. 450.) Further, he observed that the record failed to document any periods of significant mania or psychosis. (Id.) With regard to Gray's neck and back pain, the ALJ noted that Gray had not required emergency treatment or inpatient hospitalization for either condition. Rather, he found that the record showed that Gray's courses of treatment for her pain, while conservative in nature, allowed her to improve and progress. (Id.) For example, the records shows that epidural injections improved Gray's pain during her treatment with Dr. John Johnson, a spine specialist. (Tr. 318-25.) Likewise, medical records from July 2005 through August 2005 from David McDonnell, a chiropractor, noted marked improvement over the course of Gray's treatment with such treatment methods as physical therapy and spinal manipulative therapy. (Tr. 333-47, 450.) Gray also reported a significant

improvement in pain to Dr. Marc Dubick, who treated Gray beginning in June 2006 with anti-inflammatory injections and prescribed Darvocet. (Tr. 383-91, 450.)

The ALJ also noted that the record did not reveal significant clinical and laboratory abnormalities that one would expect to find if Gray were disabled. (Tr. 450.) In making this finding, the ALJ specifically discusses multiple MRIs: a lumbar MRI in June 2004 that was normal; a lumbar MRI in October 2006 that was unremarkable; and an MRI of the spine in February 2007 that revealed mild multilevel osteophytes and left paracentral disc protrusion at T7/T8. (Tr. 450-51, 547-48, 841.)

Assuming without finding that the ALJ's statement regarding Gray's failure to avail herself of surgery or chronic narcotic medications was error, this does not render the ALJ's credibility analysis unsupported by substantial evidence, as this was but one factor among several that the ALJ considered. Likewise, assuming without finding that the ALJ erred to the extent he discounted Gray's credibility based on her noncompliance in taking prescribed medications, this similarly does not render the ALJ's credibility analysis unsupported, as he provided numerous independent reasons for rejecting Gray's credibility with regard to the disabling nature of her pain. Upon review of the record, the ALJ's decision, and the parties' arguments, the court finds that Grays has failed to demonstrate that the ALJ's credibility analysis was not supported by substantial evidence or was controlled by an error of law. See Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (noting that a claimant's routine activities, including reading, cooking, exercising, attending church, cleaning house, washing dishes, doing laundry, and visiting, were inconsistent with her complaints); Hunter



v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling"); see also Blalock, 483 F.2d at 775 (stating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

## RECOMMENDATION

For the foregoing reasons, the court finds that Gray has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 31, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).