# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Karen C. Gray, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:10-3175-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her disability insurance benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on January 31, 2012 recommending that the Commissioner's decision be affirmed. (Dkt. No. 22). Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 24). After a careful review of the record, the decision of the Administrative Law Judge ("ALJ"), Plaintiff's objections and the applicable legal standards, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings . . . ." *Vitek*, 438 F.2d at 1157-58.

## Discussion

This matter came before the Court following a rather involved administrative and review history. Plaintiff initially applied for disability insurance benefits in July 2004 and ultimately asserted an onset date of February 1, 2003. When she was administratively denied benefits, she

-2-

appealed the adverse decision and had a hearing before an ALJ in February 2006. The ALJ issued a decision in February 2007 denying her disability benefits. After the Appeals Council denied review and the ALJ decision became the final agency action of the Commissioner, Plaintiff sought judicial review of the adverse decision. The Magistrate Judge subsequently issued a Report and Recommendation on November 17, 2009, recommending that the Commissioner's decision be reversed. The Magistrate Judge found that the Commissioner had failed to consider in combination the Plaintiff's back and psychological impairments and erred in not finding the claimant's bipolar disorder a "severe" impairment. (ECF 0:08-3910, Dkt. No. 17). United States District Judge Michael Duffy adopted the Magistrate Judge's Report and Recommendation, reversed the decision of the Commissioner and remanded the matter to the Commissioner. (*Id.*, Dkt. No. 20).

On remand, the ALJ conducted a second administrative hearing on October 5, 2010 and received additional medical records from Plaintiff. The ALJ issued a decision on October 28, 2010, again denying Plaintiff disability benefits. Record (hereafter "R.") at 444-54. Plaintiff sought judicial review of the Commissioner's decision. The Magistrate Judge issued a Report and Recommendation on January 31, 2012, recommending that the Commissioner's decision be affirmed. (Dkt. No. 22). Plaintiff timely filed objections to the Report and Recommendation, contending that the Commissioner had only paid "lip service" to his duty to evaluate in combination Plaintiff's psychological and physical impairments when determining her disability status. (Dkt. No. 24).

The voluminous record, totaling some 892 pages, spans both the disability period in question here, from February 1, 2003 - June 30, 2007, as well as periods before and after these

dates. The Court has read this entire record. The record documents Plaintiff's rather involved medical history, which has included diagnoses of chronic back pain, bipolar disorder and substance abuse. There are periods of relative stability and intermittent episodes of severe back pain, depression and substance abuse relapse. Unlike the earlier ALJ decision, the October 28, 2010 decision evaluates the combined effects of the claimant's bipolar disorder and back problems, concluding that Plaintiff still has a capacity to perform "light" work activity in which there are available jobs in the national marketplace. R. at 446-54. Plaintiff dismisses these findings on the basis that the Commissioner only paid "lip service" to the mandate on remand that he evaluate the combined effect of the psychiatric and physical impairments. (Dkt. No. 24). Plaintiff, through counsel, argues that the record "depicts a horror show of a life" complicated by psychiatric hospitalizations and serious drug use. *Id.* at 2.

Taking the record in its totality, there is clearly substantial evidence to support the decision of the Commissioner. Plaintiff is described in August 2004 by a treating physician as having a near normal range of motion and by her treating orthopaedist as doing "quite well" in April 2005. R. at 312, 340. In August 2005, she complains to another treating physician of headaches and neck pain. R. at 384. In 2006 and thereafter, she was prescribed significant narcotic pain medications by the VA for complaints of back pain and later admitted she had been abusing her VA prescribed narcotic medications. R. at 767, 823, 850, 863, 866. The ALJ noted the inconsistency between the claimant's complaints of severe back pain but maintenance of relatively normal activities for daily living, which included driving, shopping, use of the computer, exercising and performance of household chores. R. at 451.

The record is by no means "one sided" and there is ample evidence for both Plaintiff and

-4-

the Commissioner to point to in support of each party's respective positions. The weighing of that evidence is quintessentially the duty of the Commissioner, and this Court should not, and will not, substitute its findings for those of the Commissioner so long as there is substantial evidence to support such findings. The Court finds that the Commissioner adequately addressed the concerns of the District Court in the prior remand and appropriately considered the combined effects of Plaintiff's bipolar disorder and cervical and lumbar spine impairments. The Court further finds that the Magistrate Judge, who had previously recommended reversal and remand in Plaintiff's favor in 2009, ably analyzed the Commissioner's 2010 decision in support of her recommendation that the Commissioner be affirmed. In sum, the Court finds that there is substantial evidence in the record to support the decision of the Commissioner in this matter.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

February 22, 2012
Charleston, South Carolina